Valerie C. Wyman
Nemelka & Restum P.C.
234 E Mendenhall
Bozeman, MT 59715
Telephone: (406) 582-9500
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

* * * * * * * *

| | |
|---|---|
| ALLAN T. HOFFERBER, ) | |
| ) | Cause No. CV-08-35-BLG-RFC-CSO |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **COMPLAINT** |
| ) | |
| WESTERN CONFERENCE OF TEAMSTERS ) | |
| PENSION TRUST, an Employee Benefit Plan ) | |
| Entity, and ABC, Corp., ) | |
| ) | |
| ) | |
| Defendants. ) | |

COMES NOW Plaintiff, Allan T. Hofferber, by and through his counsel of record, Valerie C. Wyman, and alleges as follows:

1. This cause of action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, et. seq., and is brought to remedy acts and practices which violate the provisions of ERISA, and to obtain other appropriate relief to redress violations and enforce the provisions of that Title.

**Jurisdiction, Parties, and Venue**

2. Jurisdiction over this action is conferred upon the Court by 28 U.S.C. § 1331 and § 502(f) of ERISA, 29 U.S.C. § 1132(f).

3. Plaintiff Allan T. Hofferber (hereinafter "Hofferber" or "Plaintiff") is a United States

1  citizen and resident of the state of Montana, and is a participant in an employee benefit
2  plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(7).
3  4. Defendant Western Conference of Teamsters Pension Trust is the Trustee for the Western
4  Conference of Teamsters Pension Plan, an employee benefit plan within the meaning of §
5  3(3) of ERISA, 29 U.S.C. § 1002(3) (hereinafter "Plan").
6  5. The District Court of the United States has concurrent jurisdiction over the subject matter
7  of this action pursuant to 29 U.S.C. § 1132(e).
8  6. A substantial part of the events giving rise to this lawsuit took place in this District, and
9  thus venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## Factual Allegations

7. Plaintiff Hofferber has been a driver for and a member of the Western Conference of Teamsters since September of 1975.
8. From that time until November of 1985, Hofferber drove for Salt Creek Freightways, driving freight.
9. The Plan designated this employment as being in the "freight" industry for their classification of employment covered by the Plan.
10. From December 1985 to April 2003, Hofferber drove for Interstate Brand Corporation, driving bakery items.
11. The Plan designated this employment as being in the "bakery" industry for their classification of employment covered by the Plan.
12. Allan T. Hofferber retired from his employment as a driver with Interstate Brand Corporation in April of 2003, and began receiving retirement benefits pursuant to his Pension Plan.
13. In approximately May of 2004, Hofferber began driving for the Lumber Yard Supply Company.
14. Hofferber submitted a Request for Evaluation of Reemployment to the Plan to ensure that this post-retirement employment would not affect his pension benefits.

**Complaint**                                                                                     **Page 2**

15. The Plan specifies that reemployment in the same "trade or craft, industry, and geographic area" would be considered suspendible employment.
16. The Plan designated this employment as being in the "lumber" industry, and thus this post retirement employment was not "suspendible" employment which suspends pension payments after retirement. *Plan Letter dated April 13, 2004*.
17. Then from June 2005 until April of 2006, Hofferber worked for Russell Trucking, which worked exclusively as a subcontractor for Fed Ex Ground, transporting parcels.
18. On March 30, 2007, the Plan submitted a letter to Hofferber stating that his employment with Russell Trucking qualified as suspendible employment because the work was in the "freight" industry.
19. Hofferber appealed this decision to the Benefits Review Committee, supported by an Affidavit that his work was not in the "freight" industry, and that he drove parcels, not "freight."
20. On December 5, 2007, the Benefits Review Committee denied Hofferber's appeal.
21. Hofferber continued receiving pension benefits pending the appeal.
22. On or about December 19, 2007, Hofferber received a letter from Prudential Insurance Company of America stating that he was overpaid $11,941.32, for pension benefits, and that the money would be deducted from his future pension payments.
23. Hofferber had retired permanently from all employment on September 1, 2007.
24. Hofferber has exhausted his administrative appeals pursuant to the Plan.

**ERISA Violation No. 1**

25. Plaintiff re-alleges paragraphs 1-24 and further alleges as follows:
26. Plaintiff is a participant of the Western Conference of Teamsters Pension Plan pursuant to 29 U.S.C. § 1002(7).
27. ERISA § 502(a)(1)B authorizes a participant to bring a civil action to enforce rights to benefits under the terms of an employee benefit plan. 29 U.S.C. § 1132(a)(1)(B).
28. The Western Conference of Teamsters employee benefit plan provides that a participant's

reemployment in the same (1) trade or craft, (2) industry, and (3) geographic area would be considered suspendible employment, and suspend payment of pension benefits.

29. Plaintiff's reemployment with Russell Trucking was not in the same "industry" as any covered employment.

30. Defendants construed provisions of the employee benefit plan in a way that conflicted with the plan's plain language.

31. Plaintiff's benefits have been unlawfully withheld and will continue to be withheld pursuant to the Defendant's adverse benefit determination.

32. Defendant's decision to suspend pension benefits was arbitrary and capricious, an abuse of discretion, and contrary to the provisions of the Plan and ERISA.

33. As a direct and proximate result of the benefits determination by Defendant Plan, Plaintiff Hofferber has suffered damages for lost pension benefits from the date of December 19, 2007 forward.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests the following relief:

1. Judgment against the Defendant including statutory penalties for violations of ERISA.
2. Judgment in favor of Plaintiff to recover lost benefits.
3. An order requiring the Defendant to permanently suspend withholding of future benefits for reemployment at issue.
4. Attorneys fees and costs pursuant to ERISA § 502(g), 29 U.S.C. § 1132(g).
5. Prejudgment interest on all damages resulting from cancellation of pension benefits.
6. All other relief deemed reasonable and necessary under the circumstances.

DATED this 28th day of February, 2008

By /s/ Valerie C. Wyman
Valerie C. Wyman
*Attorney for the Plaintiff*

**Complaint** **Page 4**